**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DANA FEDERICO,** | **CASE NO. 1:20 CV 27** |
| Plaintiff, | **JUDGE DAN AARON POLSTER** |
| vs. | **OPINION AND ORDER** |
| **CHIPOTLE MEXICAN GRILL, INC., et al.,** | |
| Defendants. | |

This workplace discrimination and retaliation case is before the Court on "Defendants Chipotle Mexican Grill, Inc. and Stacy Hreha's Motion to Compel Arbitration and Stay Proceedings." **Doc #: 5**. For the following reason, the Court **GRANTS** the Motion to Compel Arbitration, **DENIES** the Motion to Stay, and dismisses the case without prejudice.

**I.**

On January 7, 2020, Plaintiff Dana Federico filed this workplace discrimination and retaliation case against her former employer, Chipotle Mexican Grill, Inc. ("Chipotle"), her former supervisor, Jazmin Worthy,[1] and Worthy's superiors, Stacy Hreha and John Doe.[2] According to Federico, Chipotle hired her in January 2013 with the knowledge that she was a rehabilitated felon. She quickly progressed from a crew member to Kitchen Manager, Service Manager and Apprentice Manager. After two years, however, her employment with Chipotle ended.

---

[1] The record shows that Defendant Jazmin Worthy has not yet been served.

[2] Federico believes this person has the first name of Jeremy and the last name of Orval or Orvac. However, Federico asserts that this person was also Worthy's supervisor who, along with Hreha, made the decision to terminate her employment.

The Court presumes Federico's termination was based on good terms because in mid-January 2018, Chipotle rehired her as a crew member with the expectation that she would rise to a management-level position. As a precondition to employment, Federico was required to access Chipotle's Workday website and complete its onboarding process – which required her to review and sign an agreement to submit to arbitration "any and all disputes, claims, and controversies arising out of or relating to this Agreement, the parties' employment relationship, or the formation, existence, or termination of the parties employment relationship including but not limited to . . . " discrimination or harassment based on sexual orientation and disability. Doc ##: 5-1, 5-2. Federico electronically "acknowledge[d] and agree[d] to the terms of the Arbitration Agreement" on January 16, 2018. Doc #: 5-4 at 1.

Shortly thereafter, Federico was assigned to complete management training with Defendant Jazmin Worthy at Chipotle's Lakewood, Ohio restaurant. Federico alleges that shortly after she was transferred to the Lakewood Chipotle, Worthy learned that Federico was a lesbian. Based on Federico's sexual orientation, Worthy harassed and discriminated against her, sabotaging her ability to rise to management and making it clear that "I do not want any more of you people at my store." In or around April 2018, Federico reported Worthy's discriminatory behavior to Stacy Hreha and John Doe.[3] They responded by moving Federico to Chipotle's Independence, Ohio restaurant where her new supervisor, Carrie Reakoff, immediately began to transition Federico to the position of Service Manager, which training was completed on May 2018. Shortly thereafter, Federico experienced symptoms consistent with kidney stones, a

---

[3]Federico asserts that "[d]espite reasonable attempts to ascertain the name of Doc, who is believed to have the first name of "Jeremy and a last name of "Orval" or "Orvac,"[she] is currently unable to identify Doe's identity or address." Doc #: 1, Complaint ¶ 7.

recurring problem. On June 6, 2018, Federico was hospitalized and underwent surgery to remove them. She was unable to return to work until June 18, 2018 at which point she was fired.[4] Chipotle's purported reason for firing Federico was based on her criminal background, even though Chipotle had hired and promoted her with full knowledge of her criminal background in 2013.

Thus, on January 7, 2020, Federico filed the Complaint alleging that Chipotle violated state and federal laws because it discriminated against, and harassed, her based on her sexual orientation; retaliated against her after she reported such conduct to her superiors; and discriminated against her based on her disability.

On February 3, 2020, Chipotle responded to the Complaint by filing the pending Motion to Compel Arbitration and Stay the Proceedings. The deadline for filing an opposition brief has expired, and Federico has neither filed an opposition brief, nor requested an extension of time to do so. The Court construes Federico's failure to oppose the Motion as an acknowledgement that her claims are subject to arbitration. The Court has independently reviewed the Complaint, the Motion and attachments, and concludes that Federico did indeed agree to submit her claims to arbitration.

**II.**

Pursuant to the Federal Arbitration Act ("FAA"), a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes a "liberal" federal policy

---

[4]Federico alleges that Reakoff,, who did not want to fire Federico, was ordered to do so by Hreha and Doe, who also rebuffed Reakoff's request to retain Federico to a permanent, non-management position.

-3-

favoring arbitration agreements" such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). In determining whether the parties have entered into a valid and enforceable agreement to arbitrate, the Court employs a two-step analysis. First, the Court must determine whether the parties are contractually bound to arbitrate. *GGNSC Louisville Hillcreek, LLC v. Estate of Bramer by & through Bramer*, 932 F.3d 480, 484 (6th Cir. 2019). Second, the Court must determine whether the parties' dispute falls within the scope of their agreement. See *Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). Defendants, as the parties seeking to enforce the Arbitration Agreement, have the initial burden of proving sufficient evidence establishing the agreement is enforceable. *Bramer*, 932 F.3d at 484.

For a valid contract such as an arbitration agreement to exist, there must be mutual assent, an offer and acceptance of the offer, and consideration. Federico's employment with Chipotle was expressly conditioned upon her express acknowledgment and agreement to submit workplace disputes to arbitration. In doing so, both she and Chipotle gave up their trial rights. The Ohio Supreme Court has held that waiving trial rights constitutes consideration. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 43 (May 7, 2009). *See also Skerlec v. Ganley Chevrolet, Inc.*, 2012-Ohio-5748 ¶ 9 (8th Dist. Dec. 6, 2012). Moreover, as shown above, Federico's <u>specific claims</u> fall within the scope of their Agreement.

Federico must also arbitrate her claims against Defendant Stacy Hehra. Ohio courts have recognized that a nonsignatory agent may enforce an arbitration agreement between a plaintiff and the agent's principal when ordinary principles of contract and agency law requires. *Rivera v. Rent a Ctr., Inc.*, 2015-Ohio-3765, ¶ 20 (8th Dist.Sep. 17, 2015). Federico alleges that Hreha,

Federico's superior at Chipotle, retaliated against her after she complained about sexual orientation discrimination and then retaliated against her based on her disability. Federico's allegations arise out of Hreha's employment and agency relationship with Chipotle. *Id*. at ¶ 24 (holding non-signatory supervisor could enforce arbitration agreement against employee claiming workplace discrimination arising from employment with the signatory employer). Therefore, Hehra is entitled to arbitration of Federico's claims against her.

Finally, Chipotle asks the Court to stay the case upon compelling arbitration. However, while the FAA authorizes a stay of proceedings when at least one claim is subject to arbitration, *De Angelis v. Icon Entertainment Group Inc*., 364 F.Supp.3d 787, 797 (S.D. Ohio 2019) (citations omitted), dismissal is proper where all claims are subject to arbitration. *Id*. (citation omitted).

### III.

Based on the foregoing, the Court **GRANTS** the Motion to Compel, **DENIES** the Motion to Stay, and dismisses the case without prejudice.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    March 9, 2020*
**Dan Aaron Polster**
**United States District Judge**